NO. 07-05-0248-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 19, 2005

_____

JAMES RAYMOND BECK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY;

NO. 0897673; HONORABLE BILLY D. MILLS, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant James Raymond Beck was convicted by a jury of driving while intoxicated. Having elected assessment of punishment by the trial court, appellant was sentenced to 120 days confinement and a $550 fine, suspended for 24 months. Appellant timely perfected this appeal. The clerk's record and reporter's record

have both been filed. Appellant's brief was due to be filed on September 19, 2005, but has yet to be filed. Also no motion for extension of time was filed. By letter dated September 27, 2005, this Court notified appellant's retained counsel, Danny Burns, of the defect and also explained that if the brief or a response was not received by October 7, 2005, the appeal would be abated pursuant to Rule 38.8(b) of the Texas Rules of Civil Procedure. Counsel did not respond and the brief remains outstanding.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal;

2.  whether appellant is now indigent and entitled to appointed counsel;

3.  whether retained counsel for appellant has abandoned the appeal; and

4.  whether appellant has been denied effective assistance of counsel given counsel's failure to file a brief.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal, then the trial court shall take such measures as may be necessary to assure appellant effective assistance of counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may

2

enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, November 28, 2005.

It is so ordered.

Per Curiam

Do not publish.